LAW OFFICE OF
# FRANK J. RIO

45 4TH AVENUE
BROOKLYN, NY 11217-1904
718-258-2255
718-258-7058 (FAX)
rio@newyorkcitylaw.com

September 25, 2023

**VIA CM/ECF**

Honorable. Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East21L
Brooklyn, New York 11202

RE:   Natosha Dunston v. 261 Nostrand LLC and Café Gravity Corp
       Civil Action No: 1:22-cv-07587-DG-RML

Dear Honorable. Magistrate Judge Levy:

In furtherance of our conference scheduled this afternoon and for convenience of the Court, please be advised that the plaintiff has filed similar cases with this Court, with the same attorney, against different defendants, as indicated by the attached cases where she supposedly fell on the same day at different locations miles apart.  .

Very truly yours,

Law office of Frank J. Rio

By: _____
Frank J. Rio

Fjr/mg
Cc: Maria-Costanza Barducci, Esq.

Case 1:22-cv-07587-DG-RML   Document 1   Filed 12/14/22   Page 1 of 11 PageID #: 1



## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

NATOSHA DUNSTON,
      Plaintiff,

vs.

261 NOSTRAND LLC, and
CAFE GRAVITY CORP,
      Defendants.

**COMPLAINT**

Plaintiff, NATOSHA DUNSTON ("Plaintiff"), by her undersigned counsel, hereby files this Complaint and sues Defendants, 261 NOSTRAND LLC, and CAFE GRAVITY CORP ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

### JURISDICTION

**1)**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)**    Plaintiff currently resides in Brooklyn, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff's left leg was amputated due to excessive blood clotting in her legs following an adverse reaction to mediations administered during a surgical procedure in September 2015.

**3)**    Defendant, 261 NOSTRAND LLC, is a Limited Liability Company and transacts business in the State of New York and within this judicial district. Defendant, 261 NOSTRAND

LLC, is the owner of the real property which is the subject of this action located on or about at 261 Nostrand Ave., Brooklyn, NY 11216 (hereinafter "Subject Property" or "Facility").

4)    Defendant, CAFE GRAVITY CORP, is a Corporation and transacts business in the State of New York and within this judicial district. Defendant, CAFE GRAVITY CORP, is the lessee and operator of the business known as Nostrand Coffee Roasters, located at 261 Nostrand Ave., Brooklyn, NY 11216 (hereinafter the "Facility").

5)    Plaintiff has visited the Subject Property which forms the basis of this lawsuit multiple times, the last visit occurring on or about December 4th, 2022. On each of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail herself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6)    Plaintiff lives less than 5 miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week, and the Defendants' Facility is in a neighborhood that Plaintiff dines out in three to four times per month. Plaintiff has dined at and in nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Furthermore, Plaintiff dines at restaurants on this street about once or twice per week, including

but not limited to Dunkin, Natural Blend, Captain Dan's Good Time Tavern, and Popeyes Louisiana Kitchen, and thereon affirms that he would dine at the Defendant's restaurant and avail herself of the goods and services offered to the public, were it not for the structural barriers inhibiting her ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7) Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8) The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG. Plaintiff is very social, is an advocate for persons with disabilities, and frequently has speaking engagements at schools and other places to bring awareness regarding persons with disabilities. Plaintiff goes out to eat frequently, both socially and because of the convenience of eating out as opposed to preparing an entire meal for just himself as he lives alone.

9) In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein.

Case 1:22-cv-07587-DG-RML Document 1 Filed 12/14/22 Page 4 of 11 PageID #: 4

**10)**     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility.

**11)**     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

**12)**     Plaintiff has attempted to access the Facility, but could not do so without severe hardship, because of her disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit her access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

**13)**     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit her access to the Facility, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

**14)**     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et.seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**15)**     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers,

dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to
access the Facility and full and equal enjoyment of the goods, services offered at the Facility
include:

I.  **INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT
    PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS
    REQUIRED. EXISTING STEPS LEADING TO ENTRANCE ACT AS A BARRIER TO
    ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEPS LEADING TO
    ENTRANCE.**
    a.  <u>ADAAG 206 Accessible Routes</u>  <u>ADAAG 206.1 General.</u> Accessible routes shall be
        provided in accordance with 206 and shall comply with Chapter 4. <u>ADAAG 206.2</u>
        <u>Where Required.</u> Accessible routes shall be provided where required by 206.2. <u>ADAAG</u>
        <u>206.2.1 Site Arrival Points.</u> At least one accessible route shall be provided within the site
        from accessible parking spaces and accessible passenger loading zones; public streets
        and sidewalks; and public transportation  stops to the accessible building or facility
        entrance they serve. <u>ADAAG 206.4 Entrances.</u> Entrances shall be provided in
        accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and
        shall be on an accessible route complying with 402. <u>ADAAG 207 Accessible Means of</u>
        <u>Egress</u> <u>ADAAG 207.1 General.</u> Means of egress shall comply with section 1003.2.13 of
        the  International Building Code (2000 edition and 2001 Supplement)  or section 1007 of
        the International Building Code (2003 edition)  (incorporated by reference, "Referenced
        Standards" in Chapter 1). <u>ADAAG 402 Accessible Routes</u> <u>ADAAG 402.1 General.</u>
        Accessible routes shall comply with 402. <u>ADAAG 402.2 Components.</u> Accessible routes
        shall consist of one or more of the following components: walking surfaces with a
        running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared
        sides,  elevators, and platform lifts. All components of an accessible route shall comply
        with the applicable  requirements of Chapter 4. <u>ADAAG 403 Walking Surfaces</u>
        <u>ADAAG 403.4 Changes in Level.</u> Changes in level shall comply with 303 <u>ADAAG</u>
        <u>303.4 Ramps.</u> Changes in level greater than ½ inch high shall be ramped, and shall
        comply with 405 or 406.
II. **REQUIRED HANDRAILS NOT PROVIDED AT BOTH SIDES OF STEPS
    LEADING TO ENTRANCE.**
    a.  <u>ADAAG 505 Handrails</u> <u>ADAAG 505.2 Where Required.</u> Handrails shall be provided on
        both sides of stairs and ramps.
III. **INACCESSIBLE DINING COUNTER. NON-COMPLIANT HEIGHT OF DINING
     COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED
     MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING
     COUNTER. PORTION OF DINING COUNTER REQUIRED TO BE
     ACCESSIBLE NOT PROVIDED.**
    a.  <u>ADAAG 226 Dining Surfaces and Work Surfaces</u> <u>ADAAG 226.1 General.</u> Where
        dining surfaces are provided for the consumption of food or drink, at least 5 percent of

the seating spaces and standing spaces at the dining surfaces shall comply with 902. <u>ADAAG 902 Dining Surfaces and Work Surfaces</u> <u>ADAAG 902.1 General</u>. Dining surfaces and work surfaces shall comply with 902.2 and 902.3. <u>Advisory 902.1 General.</u> Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. <u>ADAAG 902.2 Clear Floor or Ground Space.</u> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. <u>ADAAG 902.3 Height.</u> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. <u>ADAAG 306.2 Toe Clearance.</u> <u>ADAAG 306.2.3 Minimum Required Depth.</u> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. <u>ADAAG 306.2.5 Width</u>. Toe clearance shall be 30 inches (760 mm) wide minimum. <u>ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.</u> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. <u>ADAAG 306.3.5 Width.</u> Knee clearance shall be 30 inches (760 mm) wide minimum.

## IV, INACCESSIBLE DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. <u>ADAAG 226 Dining Surfaces and Work Surfaces</u> <u>ADAAG 226.1 General.</u> Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. <u>ADAAG 902 Dining Surfaces and Work Surfaces</u> <u>ADAAG 902.1 General.</u> Dining surfaces and work surfaces shall comply with 902.2 and 902.3. <u>ADAAG 902.2 Clear Floor or Ground Space.</u> A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. <u>ADAAG 306.2 Toe Clearance.</u> <u>ADAAG 306.2.3 Minimum Required Depth.</u> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. <u>ADAAG 306.2.5 Width.</u> Toe clearance shall be 30 inches (760 mm) wide minimum. <u>ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.</u> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. <u>ADAAG 306.3.5 Width.</u> Knee clearance shall be 30 inches (760 mm) wide minimum.

## V. COMPLIANT SIGNAGE IDENTIFYING THE RESTROOM NOT PROVIDED AS REQUIRED.

a. ADAAG 216 Signs  ADAAG 216.1 General.  Signs shall be provided in accordance with 216 and shall comply with 703.  ADAAG 216.2 Designations.  Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5. Advisory 216.2 Designations.  Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space. Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors. ADAAG 703.1 General.  Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided. ADAAG 703.4.1 Height Above Finish Floor or Ground.  Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character. ADAAG 703.4.2 Location.  Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

## VI. INACCESSIBLE RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT RESTROOM DOOR.

a. ADAAG 206 Accessible Routes  ADAAG 206.1 General.  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter .ADAAG 402 Accessible Routes  ADAAG 402.1 General.  Accessible routes shall comply with 402. ADAAG 402.2 Components.  Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.  ADAAG 404.2.3 Clear Width.  Door openings shall provide a clear width of 32 inches (815 mm) minimum.  Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

## VII. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT SLIDING DOOR OF RESTROOM.

a. <u>ADAAG 206 Accessible Routes  ADAAG 206.1 General.</u>  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. <u>ADAAG 402 Accessible Routes  ADAAG 402.1 General.</u>  Accessible routes shall comply with 402. <u>ADAAG 402.2 Components.</u>  Accessible routes shall consist of one or more of the following components: walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides,  elevators, and platform lifts. All components of an accessible route shall comply with the applicable  requirements of Chapter 4.  <u>ADAAG 404.2.4.2 Doorways without Doors or Gates, Sliding Doors, and Folding Doors.</u>  Doorways less than 36 inches (915 mm) wide without doors or gates, sliding doors, or folding doors  shall have maneuvering clearances complying with Table 404.2.4.2.  <u>Table 404.2.4.2 Maneuvering Clearances at Doorways without Doors or Gates, Manual Sliding  Doors, and Manual Folding Doors.</u> From Front 48 inches (1220 mm) 0 inches (0 mm) From side1 42 inches (1065 mm) 0 inches (0 mm) From pocket/hinge side 42 inches (1065 mm) 22 inches (560 mm)2 From stop/latch side 42 inches (1065 mm) 24 inches (610 mm 1. Doorway with no door only. 2. Beyond pocket/hinge side.

## VIII. INACCESSIBLE LIGHT SWITCH IN RESTROOM. NON-COMPLIANT HEIGHT OF LIGHT SWITCH IN RESTROOM EXCEEDS MAXIMUM HEIGHT  ALLOWANCE.

a. <u>ADAAG 205 Operable Parts  ADAAG 205.1 General.</u>  Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces  shall comply with 309. <u>ADAAG Advisory 205.1 General.</u>  Controls covered by 205.1 include, but are not limited to, light switches, circuit breakers, duplexes  and other convenience receptacles, environmental and appliance controls, plumbing fixture controls,  and security and intercom systems. <u>ADAAG 309.3 Height.</u>  Operable parts shall be placed within one or more of the reach ranges specified in 308 <u>ADAAG 308.2 Forward Reach.  ADAAG 308.2.1 Unobstructed.</u>  Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm)  maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.  <u>ADAAG 308.2.2 Obstructed High Reach.</u>  Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the  element for a distance not less than the required reach depth over the obstruction. The high forward  reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm)  maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be  44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. <u>ADAAG 308.3 Side Reach.  ADAAG 308.3.1 Unobstructed.</u>  Where a clear floor or ground space allows a parallel approach to an element and the side reach is  unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach  shall be 15 inches (380 mm) minimum above the finish floor or ground.  EXCEPTIONS: 1. An obstruction shall be permitted between the clear floor or ground space and  the element where the depth of the

obstruction is 10 inches (255 mm) maximum. <u>ADAAG 308.3.2 Obstructed High Reach.</u> Where a clear floor or ground space allows a parallel approach to an element and the high side Reach is over an obstruction, the height of the obstruction shall be 34 inches (865 mm) maximum and the depth of the obstruction shall be 24 inches (610 mm) maximum. The high side reach shall Be 48 inches (1220 mm) maximum for a reach depth of 10 inches (255 mm) maximum. Where the reach depth exceeds 10 inches (255 mm), the high side reach shall be 46 inches (1170 mm) maximum for a reach depth of 24 inches (610 mm) maximum.

## IX. REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN RESTROOM.

a. <u>ADAAG 603 Toilet and Bathing Rooms</u> <u>ADAAG 603.1 General.</u> Toilet and bathing rooms shall comply with 603. <u>ADAAG 603.2 Clearances.</u> Clearances shall comply with 603.2. <u>ADAAG 603.2.1 Turning Space.</u> Turning space complying with 304 shall be provided within the room. <u>ADAAG 304.3.1 Circular Space.</u> The turning space shall be a space of 60 inches (1525 mm) diameter minimum. The space shall be permitted to include knee and toe clearance complying with 306

## X. INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

a. <u>ADAAG 604 Water Closets and Toilet Compartments</u> <u>ADAAG 604.3 Clearance.</u> Clearances around water closets and in toilet compartments shall comply with 604.3. <u>ADAAG 604.3.1 Size.</u> Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

## XI. REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN RESTROOM.

a. <u>ADAAG 604 Water Closets and Toilet Compartments</u> <u>ADAAG 604.5 Grab Bars.</u> Grab bars for water closets shall comply with 609. Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

## XII. INACCESSIBLE LAVATORY IN RESTROOM. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY IN RESTROOM.

a. <u>ADAAG 606 Lavatories and Sinks.</u> <u>ADAAG 606.2 Clear Floor Space.</u> A clear floor space complying with 305, positioned for a forward approach,  and knee and toe clearance complying with 306 shall be provided.  <u>ADAAG 306.2 Toe Clearance.</u> <u>ADAAG 306.2.3 Minimum Required Depth.</u> Where toe clearance is required at an element as part of a clear floor space,  the toe clearance shall extend 17 inches (430 mm) minimum under the element.  <u>ADAAG 306.2.5 Width</u>.  Toe clearance shall be 30 inches (760 mm) wide minimum.  <u>ADAAG 306.3.3 Knee Clearance.</u> <u>ADAAG 306.3.3 Minimum Required Depth.</u> Where knee clearance is required under an element as part of a clear floor space,  the knee clearance shall be 11 inches deep minimum at 9 inches above the ground,  and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. <u>ADAAG 306.3.5 Width.</u>  Knee clearance shall be 30 inches (760 mm) wide minimum.

## XIII. NON-COMPLIANT HEIGHT OF LAVATORY IN RESTROOM EXCEEDS MAXIMUM HEIGHT  ALLOWANCE.

a. <u>ADAAG 606 Lavatories and Sinks.</u> <u>ADAAG 606.1 General.</u> Lavatories and sinks shall comply with 606. <u>ADAAG 606.3 Height.</u> Lavatories and sinks shall be installed with the front of the higher of the rim or counter surface 34  inches (865 mm) maximum above the finish floor or ground.

**16)**     The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

**17)**     The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

**18)**     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19)     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20)     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff her reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:   s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
      *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NATOSHA DUNSTON,
      Plaintiff,

vs.

Omer Bojic, and
Husnija Bojic, and
TAQUERIA AL PASTOR,

      Defendants.

**COMPLAINT**

      Plaintiff, NATOSHA DUNSTON ("Plaintiff"), by her undersigned counsel, hereby files this Complaint and sues Defendants, Omer Bojic, and Husnija Bojic and TAQUERIA AL PASTOR (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

### JURISDICTION

    **1)**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

    **2)**    Plaintiff currently resides in Brooklyn, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff's left leg was amputated due to excessive blood clotting in her legs following an adverse reaction to medications administered during a surgical procedure in September 2015.

    **3)**    Defendant, Omer Bojic, is an individual whom transacts business in the State of New York and within this judicial district. Defendant, Omer Bojic, is the owner of the real

property which is the subject of this action located on or about at 128 Wyckoff Ave, Brooklyn, NY 11237 (hereinafter "Subject Property" or "Facility").

4)      Defendant, Husnija Bojic, is an individual whom  transacts business in the State of New York and within this judicial district. Defendant, Husnija Bojic, is the owner of the real property which is the subject of this action located on or about at 128 Wyckoff Ave, Brooklyn, NY 11237 (hereinafter "Subject Property" or "Facility").

5)      Defendant, TAQUERIA AL PASTOR Inc., is a corporation and transacts business in the State of New York and within this judicial district. Defendant, TAQUERIA AL PASTOR Inc. is the lessee and operator of the business known as TAQUERIA AL PASTOR, located at 128 Wyckoff Ave, Brooklyn, NY 11237 (hereinafter the "Facility").

6)      Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about December 4, 2022, and again on or about January, 12 2023. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

7)      Plaintiff lives approximately 6 miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when she is visiting friends and family in this locale. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out in once or twice per week. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to CM Coffee Shop, Santa Ana Deli & Grocery, amongst many others; and thereon affirms that she would dine at the Defendant's restaurant and avail herself of the goods and services offered to the public, were it not for the structural barriers inhibiting her ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

8)      Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

9)      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

10)      In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, specifically on or about December 4, 2022,and again on or about January, 12 2023,

Case 1:23-cv-02610-EK-PK Document 1 Filed 04/05/23 Page 4 of 11 PageID #: 4

engaged the barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property, and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

11)    Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility, and until the proper and appropriate remediations are made to the conditions set forth herein that are in violation of the ADA and ADAAG pursuant to 42 U.S.C., § 12182(b)(2)(A)(iv), the Plaintiff and other similarly situated people will continue to be deprived equal access to the public accommodation, premises, and goods and services in a manner that is irreconcilable with society's sense of modern decency or the law which is well settled.

12)    All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

## FACTUAL ALLEGATIONS AND CLAIM

13)    The Defendant's wanton disregard to the rights of our citizenry as protected under the ADA and inscribed in the ADAA has demonstrated deliberate indifference and thereon wilful discrimination to the Plaintiff and all other like situated people. Plaintiff has attempted to access the Facility, but physical barriers inhibited the wheelchair ambulation through the front entrance denying ingress and therefore could not access the premises without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and

services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

**14)** Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers at the front entrance, and other conditions and ADA violations more specifically set forth in this Complaint. In any event, the discrimination would be cured given simple remediations that which would bring the subject property into compliance with the ADA and ADAAG.

**15)** Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**16)** Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

**x**

I. INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT

PROVIDED AS REQUIRED. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.

a. **ADAAG 206 Accessible Routes  ADAAG 206.1 General.** Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 206.2 Where Required.** Accessible routes shall be provided where required by 206.2. **ADAAG 206.2.1 Site Arrival Points.** At least one accessible route shall be provided within the site from accessible parking spaces  and accessible passenger loading zones; public streets and sidewalks; and public transportation  stops to the accessible building or facility entrance they serve. **ADAAG 206.4 Entrances.**
Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and shall be on an accessible route complying with 402.  **ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.** Means of egress shall comply with section 1003.2.13 of the  International Building Code (2000 edition and 2001 Supplement)  or section 1007 of the International Building Code (2003 edition)  (incorporated by reference, "Referenced Standards" in Chapter 1). **ADAAG 402 Accessible Routes ADAAG 402.1 General.** Accessible routes shall comply with 402. **ADAAG 402.2 Components.** Accessible routes shall consist of one or more of the following components: walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides,  elevators, and platform lifts. All components of an accessible route shall comply with the applicable  requirements of Chapter 4. **ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level.** Changes in level shall comply with 303 **ADAAG 303.4 Ramps.**  Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II.  REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR.

NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE  AT ENTRANCE DOOR.

a. **ADAAG 206 Accessible Routes  ADAAG 206.1 General.** Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 206.2 Where Required.** Accessible routes shall be provided where required by 206.2. **ADAAG 206.2.1 Site Arrival Points.** At least one accessible route shall be provided within the site from accessible parking spaces  and accessible passenger loading zones; public streets and sidewalks; and public transportation  stops to the accessible building or facility entrance they serve. **ADAAG 206.4 Entrances.** Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and shall be on an accessible route complying with 402.  **ADAAG 206.4.1 Public Entrances.** In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public  entrances shall comply with 404. **ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.** Means of egress shall comply with section

1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1) **ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

III.    INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING COMPARTMENT. NON-COMPLIANT HEIGHT OF DINING TABLES LOCATED AT EXTERIOR DINING COMPARTMENT EXCEEDS MAXIMUM HEIGHT ALLOWANCE. MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT EXTERIOR DINING COMPARTMENT.

a.  **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902.3 Height.** The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

IV.    INACCESSIBLE DINING TABLE LOCATED AT EXTERIOR STOREFRONT DINING AREA. REQUIRED MINIMUM CLEAR FLOOR SPACE NOT PROVIDED AT DINING TABLE LOCATED AT EXTERIOR STOREFRONT DINING AREA.

a.  **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.** Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. **ADAAG 305.3 Size.** The clear floor or ground space shall be 30 inches (760 mm) minimum by 48 inches (1220 mm) minimum.

V.    NON-COMPLIANT HEIGHT OF DINING TABLE LOCATED AT EXTERIOR STOREFRONT DINING AREA EXCEEDS MAXIMUM HEIGHT ALLOWANCE.
a.  **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902.3 Height.** The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm)

maximum above the finish floor or ground.


VI. THE FIRST OF TWO DINING COUNTERS IS INACCESSIBLE. NON-COMPLIANT HEIGHT OF THE FIRST OF TWO DINING COUNTERS EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT THE FIRST OF TWO  DINING COUNTERS. PORTION OF THE FIRST OF TWO DINING COUNTERS REQUIRED TO BE ACCESSIBLE NOT  PROVIDED.

a. **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the  seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General**.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **Advisory 902.1 General.** Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. **ADAAG 902.3 Height.**  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches  (865 mm) maximum above the finish floor or ground. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.**  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall  extend 17 inches (430 mm) minimum under the element.  **ADAAG 306.2.5 Width.**  Toe clearance shall be 30 inches (760 mm) wide minimum.


VII. THE SECOND OF TWO DINING COUNTERS IS INACCESSIBLE. NON-COMPLIANT HEIGHT OF THE SECOND OF TWO DINING COUNTERS EXCEEDS  MAXIMUM HEIGHT ALLOWANCE.

REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT THE SECOND OF TWO  DINING COUNTERS. PORTION OF THE SECOND OF TWO DINING COUNTERS REQUIRED TO BE ACCESSIBLE NOT  PROVIDED.

a. **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the  seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General**.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **Advisory 902.1 General.** Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. **ADAAG 902.3 Height.**  The tops of dining surfaces and work surfaces shall be

28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.** Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. **ADAAG 306.2.5 Width.** Toe clearance shall be 30 inches (760 mm) wide minimum. **ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.** Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. **ADAAG 306.3.5 Width.** Knee clearance shall be 30 inches (760 mm) wide minimum.

VIII. INACCESSIBLE SELF SERVICE BEVERAGE COOLER DISPLAYING BEVERAGES FOR PURCHASE. NON-COMPLIANT HEIGHTS OF SHELVES IN SELF SERVICE BEVERAGE COOLER EXCEED MAXIMUM HEIGHT ALLOWANCE.

a. **ADAAG 904.5.1 Self-Service Shelves and Dispensing Devices.** Self-service shelves and dispensing devices for tableware, dishware, condiments, food and beverages shall comply with 308. **ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.** Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground. **ADAAG 308.2.2 Obstructed High Reach.** Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. **ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.** Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor or ground. **ADAAG 308.3.2 Obstructed High Reach.** Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

IX. INACCESSIBLE SERVICE COUNTER. NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. **ADAAG227 Sales and Service  ADAAG 227.1 General.** Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and  waiting lines shall comply with 227 and 904. **ADAAG 904.4 Sales and Service Counters.** Sales counters and service counters shall comply with 904.4.1 or 904.4.2.  The accessible portion of the counter top shall extend the same depth as the sales or service  counter top. **ADAAG 904.4.1 Parallel Approach.** A portion of the counter surface that is 36 inches (915 mm) long minimum  and 36 inches (915 mm) high maximum above the finish floor shall be provided.  A clear floor or ground space complying with 305 shall be positioned for a parallel approach  adjacent to the 36 inch (915 mm) minimum length of counter.

17)     The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

18)     The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense, as required pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

19)     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20)     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

21)     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible

to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

<div style="margin-left:40%">

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:   s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
      *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com

</div>

JS 44 (Rev. 4-29-21)    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

NATOSHA DUNSTON,

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Barducci Law Firm, PLLC, 5 W. 19th St., 10th FL, New York, NY 10011, (212) 433-2544

**DEFENDANTS**

Omer Bojic, Husnija Bojic, and TAQUERIA AL PASTOR

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause? Yes* ☐ *No* ☒

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability    Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &    ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine    Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability    Liability | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | **PERSONAL PROPERTY** | **LABOR** | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability    ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 360 Other Personal    ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice    Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations    ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | **Other:** | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities - Other    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education    ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 42 USC 12181 and 28 CFR Part 36 ADAAG

Brief description of cause:
Violations of the Americans with Disabilities Act Under Title III Action for Injunctive Relief

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   4/5/2023

SIGNATURE OF ATTORNEY OF RECORD
s/ Maria-Costanza Barducci

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, Maria-Constanza Barducci , counsel for_____Plaintiff_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐ monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑ the complaint seeks injunctive relief,

☐ the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more its stocks:

None known.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County? ☐ Yes ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? ☐ Yes ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? ☑ Yes ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:         .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? ☐ Yes ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes        ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes (If yes, please explain)     ☑ No

Maria-Constanza Barducci, Esq. (Bar No. 5070487)
Barducci Law Firm, PLLC
5 West 19 Street, 10th Floor

I certify the accuracy of all information provided above.

Signature: _____s/ Maria-Constanza Barducci_____



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

NATOSHA DUNSTON,
       Plaintiff,

vs.

YOTAM REALTY LLC, and
OVENLY, LLC.,
       Defendants.

**COMPLAINT**

Plaintiff, NATOSHA DUNSTON ("Plaintiff"), by her undersigned counsel, hereby files this Complaint and sues Defendants, **YOTAM REALTY LLC and OVENLY, LLC** (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

**1)**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)**    Plaintiff currently resides in Brooklyn, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff's left leg was amputated due to excessive blood clotting in her legs following an adverse reaction to medications administered during a surgical procedure in September 2015.

**3)**    Defendant, **YOTAM REALTY LLC**, is an Limited Liability Company that transacts business in the State of New York and within this judicial district. Defendant, **YOTAM REALTY LLC**, is the owner of the real property which is the subject of this action

located on or about at 31 Greenpoint Ave, Brooklyn, NY 11222 (hereinafter "Subject Property" or "Facility").

4)     Defendant, OVENLY, LLC, is a corporation and transacts business in the State of New York and within this judicial district. Defendant, OVENLY, LLC, is the lessee and operator of the business known as OVENLY, located at 31 Greenpoint Ave, Brooklyn, NY 11222 (hereinafter the "Facility").

5)     Plaintiff has visited the Subject Property which forms the basis of this lawsuit on or about December 4, 2022, and again on or about December, 16 2022. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

6)     Plaintiff lives approximately 4 miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when she is visiting friends and family in this locale. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out in once or twice per week. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff

dines at restaurants on this street about once or twice per month, including but not limited to El Pinguino, 21 Greenpoint, and Sereneco, amongst many others; and thereon affirms that she would dine at the Defendant's restaurant and avail herself of the goods and services offered to the public, were it not for the structural barriers inhibiting her ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

7)      Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

8)      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

9)      In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility, specifically on or about December 4, 2022, and again on or about December, 16 2022, engaged the barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property, and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

**10)**     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility, and until the proper and appropriate remediations are made to the conditions set forth herein that are in violation of the ADA and ADAAG pursuant to 42 U.S.C., § 12182(b)(2)(A)(iv), the Plaintiff and other similarly situated people will continue to be deprived equal access to the public accommodation, premises, and goods and services in a manner that is irreconcilable with society's sense of modern decency or the law which is well settled.

**11)**     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

### FACTUAL ALLEGATIONS AND CLAIM

**12)**     The Defendant's wanton disregard to the rights of our citizenry as protected under the ADA and inscribed in the ADAA has demonstrated deliberate indifference and thereon wilful discrimination to the Plaintiff and all other like situated people. Plaintiff has attempted to access the Facility, but physical barriers inhibited the wheelchair ambulation through the front entrance denying ingress and therefore could not access the premises without severe hardship, because of his disabilities, and the physical barriers to access and ADA violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

**13)**     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers at the front entrance, and

other conditions and ADA violations more specifically set forth in this Complaint. In any event, the discrimination would be cured given simple remediations that which would bring the subject property into compliance with the ADA and ADAAG.

14)     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

15)     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

I.   INACCESSIBLE ENTRANCE. ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED. EXISTING STEP AT ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEP AT ENTRANCE.
   a. **ADAAG 206 Accessible Routes  ADAAG 206.1 General.** Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 206.2 Where Required.** Accessible routes shall be provided where required by 206.2. **ADAAG 206.2.1 Site Arrival Points.** At least one accessible route shall be provided within the site from accessible parking spaces  and accessible passenger loading zones; public streets and sidewalks; and public transportation  stops to the accessible building or facility entrance they serve. **ADAAG 206.4 Entrances.** Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and shall be on an accessible route complying with 402. **ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.** Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement)

or section 1007 of the International Building Code (2003 edition)  (incorporated by reference, "Referenced Standards" in Chapter 1). **ADAAG 402 Accessible Routes ADAAG 402.1 General.** Accessible routes shall comply with 402. **ADAAG 402.2 Components.** Accessible routes shall consist of one or more of the following components: walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides,  elevators, and platform lifts. All components of an accessible route shall comply with the applicable  requirements of Chapter 4. **ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level.** Changes in level shall comply with 303 **ADAAG 303.4 Ramps.**  Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

## II. REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT ENTRANCE DOOR. NON-COMPLIANT CHANGE IN FLOOR LEVEL WITHIN REQUIRED MANEUVERING CLEARANCE  AT ENTRANCE DOOR.

a. **ADAAG 206 Accessible Routes  ADAAG 206.1 General.**  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.  **ADAAG 206.2 Where Required.**  Accessible routes shall be provided where required by 206.2. **ADAAG 206.2.1 Site Arrival Points.**  At least one accessible route shall be provided within the site from accessible parking spaces  and accessible passenger loading zones; public streets and sidewalks; and public transportation  stops to the accessible building or facility entrance they serve. **ADAAG 206.4 Entrances.**  Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and shall be on an accessible route complying with 402. **ADAAG 206.4.1 Public Entrances.** In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public  entrances shall comply with 404. **ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.**  Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition  and 2001 Supplement) or section 1007 of the International Building Code (2003 edition)  (incorporated by reference, "Referenced Standards" in Chapter 1) **ADAAG 404.2.4 Maneuvering Clearances.**  Minimum maneuvering clearances at doors and gates shall comply with 404.2.4. Maneuvering clearances shall extend the full width of the doorway and the required latch side or  hinge side clearance. **ADAAG 404.2.4.4 Floor or Ground Surface.**  Floor or ground surface within required maneuvering clearances shall comply with 302.  Changes in level are not permitted.

## III. INACCESSIBLE EXTERIOR DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT EXTERIOR DINING  TABLES. A MINIMUM PERCENTAGE OF EXISTING EXTERIOR DINING TABLES REQUIRED TO BE  ACCESSIBLE NOT PROVIDED.

a. **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.**  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent  of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.** Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.** Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. **ADAAG 306.2.5 Width**. Toe clearance shall be 30 inches (760 mm) wide minimum. **ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.** Where knee clearance is required under an element as par of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. **ADAAG 306.3.5 Width.** Knee clearance shall be 30 inches (760 mm) wide minimum.

IV. INACCESSIBLE INTERIOR DINING TABLES. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT INTERIOR DINING  TABLES. A MINIMUM PERCENTAGE OF EXISTING INTERIOR DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent  of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.** Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.** Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. **ADAAG 306.2.5 Width**. Toe clearance shall be 30 inches (760 mm) wide minimum. **ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.** Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. **ADAAG 306.3.5 Width.** Knee clearance shall be 30 inches (760 mm) wide minimum.

V. INACCESSIBLE INTERIOR DINING COUNTER. NON-COMPLIANT HEIGHT OF INTERIOR DINING COUNTER EXCEEDS MAXIMUM HEIGHT  ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT INTERIOR DINING  COUNTER. PORTION OF INTERIOR DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

a. **ADAAG 226 Dining Surfaces and Work Surfaces  ADAAG 226.1 General.** Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.** Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **Advisory 902.1 General.** Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. **ADAAG 902.2 Clear Floor or Ground Space.** A clear space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided. **ADAAG 902.3 Height.** The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.** Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. **ADAAG 306.2.5 Width.** Toe clearance shall be 30 inches (760 mm) wide minimum. **ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.** Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. **ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.


VI. COMPLIANT SIGNAGE IDENTIFYING THE RESTROOM NOT PROVIDED AS REQUIRED.


a. **ADAAG 216 Signs  ADAAG 216.1 General.** Signs shall be provided in accordance with 216 and shall comply with 703. **ADAAG 216.2 Designations.** Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5. **Advisory 216. Designations.** Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space. Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors. **ADAAG 703.1 General.** Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided. **ADAAG 703.4.1 Height Above Finish Floor or Ground.** Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character. **ADAAG 703.4.2 Location.** Where a tactile sign is provided at

a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

## VII. NON-COMPLIANT DOOR KNOB AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.

a. **ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.** Doors, doorways, and gates that are part of an accessible route shall comply with 404. **ADAAG 404.2.7 Door and Gate Hardware.** Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground. **ADAAG 309.4 Operation.** Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

## VIII. NON-COMPLIANT DOOR LOCK AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.

a. **ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.** Doors, doorways, and gates that are part of an accessible route shall comply with 404. **ADAAG 404.2.7 Door and Gate Hardware.** Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground. **ADAAG 309.4 Operation.** Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

## IX. INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

a. **ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.3 Clearance.** Clearances around water closets and in toilet compartments shall comply with 604.3. **ADAAG 604.3.1 Size.** Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

X. REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET  IN RESTROOM.

**a.   ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.5 Grab Bars.**
Grab bars for water closets shall comply with 609.  Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

XI. NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN RESTROOM.

**a.   ADAAG 604 Water Closets and Toilet Compartments. ADAAG 604.2 Location.**
 The water closet shall be positioned with a wall or partition to the rear and to one side.  The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the  side wall or partition.

XII. INACCESSIBLE FLUSH CONTROL AT WATER CLOSET IN RESTROOM. NON-COMPLIANT POSITION OF FLUSH CONTROL LOCATED AT CLOSED SIDE OF WATER  CLOSET IN RESTROOM.

**a.   ADAAG 604 Water Closets and Toilet Compartments. ADAAG 604.6 Flush
   Controls.**
Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply  with 309. Flush controls shall be located on the open side of the water closet except in  ambulatory accessible compartments complying with 604.8.2.

XIII. INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN RESTROOM NOT  PROVIDED AS REQUIRED.

**a.   ADAAG 606 Lavatories and Sinks. ADAAG 606.5 Exposed Pipes and Surfaces**.
 Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured  to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

IXV. INACCESSIBLE MIRROR IN RESTROOM. NON COMPLIANT MOUNTED HEIGHT OF MIRROR IN RESTROOM EXCEEDS MAXIMUM  HEIGHT ALLOWANCE.

a. **ADAAG 603.3 Mirrors.** Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

XV. INACCESSIBLE COAT HOOK IN RESTROOM. NON-COMPLIANT HEIGHT OF COAT HOOK IN RESTROOM EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

a. **ADAAG 604 Water Closets and Toilet Compartments. ADAAG 604.8.3 Coat Hooks and Shelves.** Coat hooks shall be located within one of the reach ranges specified in 308. **ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.** Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground. **ADAAG 308.2.2 Obstructed High Reach.** Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum. **ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.** Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be 15 inches minimum above the finish floor or ground. **ADAAG 308.3.2 Obstructed High Reach.** Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

**16)**    The above listing is not to be considered all-inclusive of the barriers which exist at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the ADA violations.

**17)**    The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense, as required pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

18)   Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19)   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

20)   Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:   s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*

Bar No. 5070487
MC@BarducciLaw.com

JS 44 (Rev. 4-29-21)    Case 1:23-cv-02597-BMC **CIVIL COVER SHEET** 09/25/23   Page 1 of 2 PageID #: 14

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| NATOSHA DUNSTON | YOTAM REALTY LLC, and OVENLY, LLC,, |

**(b)** County of Residence of First Listed Plaintiff   Brooklyn
       *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Brooklyn
       *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Barducci Law Firm, PLLC, 5 W. 19th St., 10th FL, New York, NY 10011, (212) 433-2544

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes ☐ No ☒

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 42 USC 12181 and 28 CFR Part 36 ADAAG

Brief description of cause:
Violations of the Americans with Disabilities Act Under Title III Action for Injunctive Relief

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $        CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE
4/5/23

SIGNATURE OF ATTORNEY OF RECORD
s/ Maria-Costanza Barducci

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible to for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, _Maria-Constanza Barducci_____, counsel for_____ Plaintiff_____, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

☐  monetary damages sought are in excess of $150,000, exclusive of interest and costs,

☑  the complaint seeks injunctive relief,

☐  the matter is otherwise ineligible for the following reason

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

None known.

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 50.3.1 in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 50.3.1 (b) provides that " A civil case shall not be deemed "related" to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties." Rule 50.3.1 (c) further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (d), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

### NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County?  ☐ Yes  ☑ No

2.) If you answered "no" above:
a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County?  ☐ Yes  ☑ No

b) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District?  ☑ Yes  ☐ No

c) If this is a Fair Debt Collection Practice Act case, specify the County in which the offending communication was received:                                         .

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?  ☐ Yes  ☐ No
*(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).*

### BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

☑ Yes                    ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

☐ Yes  (If yes, please explain)          ☑ No

Maria-Constanza Barducci, Esq. (Bar No. 5070487)
Barducci Law Firm, PLLC
5 West 19 Street, 10th Floor

I certify the accuracy of all information provided above.

Signature: _____ s/ Maria-Constanza Barducci _____