UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATOSHA DUNSTON,
    Plaintiff,
vs.

261 NOSTRAND LLC, and
CAFE GRAVITY CORPORATION,
    Defendants.

Case No.: **1:22-cv-07587-DG-RML**

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
NON-APPEARING DEFENDANT'S MOTION TO DISMISS [DE#21]**

Plaintiff, NATOSHA DUNSTON ("Plaintiff"), by and through her undersigned counsel, files his response to the Defendants' CAFE GRAVITY CORPORATION ("Defendants") Motion to Dismiss [DE#21], and states:

1. As an initial matter, the Defendant Corporation's motion is entirely moot, for as a matter of law, the Defendant is a Corporation that must be represented by Counsel, and thereon the Defendant's refusal to abide by the proper procedure in this matter is fatal to the motion, and the Court must deny said Motion, and instruct the Defendants to follow the proper procedural mechanisms, including to first attain counsel and then—and only then—file it's preferred motions on the docket.

2. Plaintiff filed this action against Defendants for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. ("ADA"), and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). Plaintiff's Complaint was properly plead as it:

    a. Alleges Plaintiff's qualification as a disabled person under the ADA [DE#1, at ¶2],
    b. Alleges the subject property's qualification as a place of public accommodation and service establishment under the ADA [DE#1, at ¶8],
    c. Alleges that Plaintiff visited the property [DE#1, at ¶5, ¶6, and ¶9],

    d. Alleges that Plaintiff was denied, restricted, or limited in his access to the subject property [DE#1, Paragraphs at ¶5, ¶6, ¶8 and ¶9],

    e. Alleges specific violations of the ADA and ADAAG that exist at the subject property [DE#1, at ¶15]—which are self-explanatory in how they would limit or restrict Plaintiff's access to the subject property (i.e., violations at the entrance made Plaintiff's access into restaurant more difficult, violations of necessary handrails, deviations of seating area and booths make ADA person's access to the goods and services once in the restaurant limited, inconvenient, and uncomfortable unlike that of able-bodied guests, and the violations in the restroom made Plaintiff's limited or restricted Plaintiff's access to certain functions of the restroom which should be equally available to both disabled and able-bodied patrons),

    f. Alleges that Plaintiff will revisit the subject property [DE#1, ¶9 and ¶5],

    g. Alleges that the violations will not be remediated without Court intervention [DE#1, and ¶13];

    h. Submits facts that Plaintiff made multiple attempted visits in or around early to mid-April, 2023, and again on or about Dec. 4, 2022 in [DE#1 at ¶5];

        i. Avers facts that Plaintiff visited and dined at the nearby Restaurants and Public Accommodations that were not wilfully discriminating against ADA class members in [DE#1 at ¶5]..

3. Plaintiff has properly pled all elements necessary to bring his claim for injunctive relief under the ADA, pursuant to Calcano v. Swarovski N. Am. Ltd., No. 20-1552 (2d Cir. 2022) and Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 188 (2d Cir. 2013) which are controlling here.

4. Defendants filed their Motion to Dismiss ("Defendants' Motion"), which in summary alleges that Plaintiff is a serial Plaintiff and engages in the filing of serial litigation/vexatious litigation, and that their non-compliant door buzzer should alleging protect them from actions brought for injunctive relief under the ADA. The cases cited to support Plaintiff as a "serial plaintiff" are not applicable to this action or this Plaintiff. Defendant first cites *Molski vs. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004)—wherein that plaintiff, Jarek Molski, has filed 408 complaints for ADA violations over the course of 9 years (Dec. 2000 to Dec. 2009), averaging 45 lawsuits a year whereas Plaintiff in the instant action has filed a total of 55 lawsuits over the course of 4.5 years.

5. Defendants Motion also seeks to assert that Defendants' placement of a non-compliant "Ring Bell for Assistance" buzzer under the handicap decal creates a prerequisite to filing an action for injunctive relief under the ADA—which it does not. Further, the "Ring Bell for Assistance" buzzer does not void Defendants' requirement to bring the entrance into compliance, much less the seating areas, service counter, and restroom (the additional violations which Defendants' Motion seems to ignore).

6. Although Defendants allege and imply that Plaintiff is a "serial litigant" filing "serial lawsuits" as "vexatious litigation"—Plaintiff does not come close to qualifying as a serial litigant. This allegation and insinuation is made solely to distract from the actual legal issue in this action which are Defendants' violations of the ADA which exist at the subject property, a place of public accommodation, which Plaintiff visited, was denied or restricted access to, intends to visit again, and which are unlikely to be remediated or brought into compliance without a Court order requiring the same.

7. Plaintiff has filed a total of 47 cases against Defendants (all within the Eastern District of New York where Plaintiff resides) since May 2017 for violations of the ADA (Case Type 446). Essentially over the course of 65 months, the Plaintiff has filed only 47 lawsuits for places of public accommodation where his access was denied due to violations of the ADA—averaging less than 1 lawsuit a month despite visiting multiple places each month, many of which he does not encounter barriers to access in violation of the ADA.

8. Defendants' allegations of Plaintiff being a "serial plaintiff", even if it were true, would have no effect or bearing on the validity of the Plaintiff's claims in this action.

9. Congress has encouraged "private attorneys general" to actively enforce the statutes provisions and it has been expressly recognized that such private attorney general

provisions result in "frequent litigators". See *Hensley v. Eckerhart*, 461 U.S. 424, 445(1983) ("All of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these laws contain."); *Alliance For ADA Compliance, Inc. v. Har-Gon Enterprises, Inc.*, No. 99-11703, slip op. at 3 (11th Cir. 2000) ("The enforcement of civil rights statutes by plaintiffs as private attorneys general is an important part of the underlying policy behind the [ADA]"); *Bruce v. City of Gainesville*, 177 F.3d 949, 952 (11th Cir. 1999); *Mallory v. Harkness*, 923 F.Supp 1546, 1551 (S.D. Fla. 1996) ("Congress intended Section 1988 to prompt plaintiffs to act as citizen enforcers or private attorneys general advancing our nation civil rights objectives and vindicating the liberty of all citizens."). "Civil rights law depends heavily on private enforcement. Moreover, the inclusion of penalties and damages is the driving force that facilitates voluntary compliance with the ADA." *Parr v. L & L Drive-Inn Property*, 96 F.Supp.2d 1065, 1082 (D. Hawaii 2000).

10. "As a result, most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled. For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring litigation advancing the time when public accommodations will be compliant with the ADA." See *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007); *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008).

11. See *Calcano v. Cole Haan, Inc.,* 19 Civ. 10440, 2021 WL 849434 (S.D.N.Y. Mar. 5, 2021): "Of course, [f[or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Kittok v. Leslie's*

*Poolmart, Inc.*, 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009) (quoting *Molski v. Evergreen Dynasty Corp.* 500 F.3d 1047, 1062 (9th Cir. 2007).

12. It is highly unlikely that Plaintiff would qualify as a "serial litigant" if such thing did exist. The Plaintiff in *Calcano v. Cole Haan, Inc.*, Marcos Calcano has filed 85 over the course of just 3 years (more than 28 cases a year). However even Mr. Calcano's prior filings would not have been considered had he properly plead standing (he met the criteria of establishing himself as a disabled person, defendants' property as a place of public accommodation, but not his intent to return).

13. Thus, Defense Counsel is missing the central issue herein, which is not whether Plaintiff has filed other ADA lawsuits, but whether Defendants' facility is in compliance with the ADA—which it is not.

WHEREFORE, Plaintiff requests that the Defendants' Motion be denied and a date certain be set for Defendants' to file their answer to the Complaint [DE#1].

    Respectfully submitted

    BARDUCCI LAW FIRM, PLLC
    5 West 19th Street, 10th Floor
    New York, NY 10011
    (212) 433-2554

By:  s/ Maria-Costanza Barducci
    Maria-Costanza Barducci, Esq.
    *Attorney for Plaintiff*
    Bar No. 5070487
    MC@BarducciLaw.com